820 F.2d 1220
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Nelson J. KING, Appellant.
 No. 85-5582.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 9, 1987.
Decided June 2, 1987.
 
 Before WIDENER and WILKINSON, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 John P. Fishwick, Jr., on brief, for appellant.
 Jean B. Weld, Assistant United States Attorney (John P. Alderman, United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 The appellant, Nelson J. King, was tried and convicted by a jury in the United States District Court for the Western District of Virginia for possession of marijuana with the intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), and for traveling in interstate commerce to carry on an illegal activity in violation of 18 U.S.C. Sec. 1952.
 
 
 2
 King attacks his conviction on appeal, claiming that there was insufficient evidence upon which to base a Travel Act conviction, that the district court abused its discretion in not allowing individual voir dire by defense counsel, and that the district court erred in allowing certain testimony of Olga Thrasher to be admitted into evidence. Finding no error, we affirm King's conviction.
 
 
 3
 In October 1984, an airplane belonging to one Wallace Thrasher and carrying a large quantity of marijuana crashed in Carroll County, Virginia. A body identified as Mark Bailey was discovered in the airplane. The government's theory at trial was that King was the pilot of the crashed plane and a participant in Thrasher's scheme to import marijuana from Belize through Florida to Virginia. In support of that theory, the evidence at trial showed that King's and Thrasher's fingerprints were found on maps in the downed plane. Shirley Gossick, owner of an airfield in Avon Park, Florida, identified King as the man who paid to fuel the plane in question in Florida the day before the plane crash.
 
 
 4
 Olga Thrasher, wife of Wallace Thrasher, testified extensively at Nelson King's trial. She testified that she knew that her husband owned the downed plane. She received a telephone call from "Nelson" on the day of the crash telling her that the plane was down and that he was injured. She conveyed this message by telephone to her husband. Thereafter, Wallace arrived at the Thrasher home with an injured Nelson King. Olga Thrasher bandaged King's wounds as best she could. Mrs. Thrasher identified Nelson King in court as that injured man her husband had brought home. Mrs. Thrasher further testified that she had received telephone calls from King from time to time prior to the crash and that she received them subsequent to it. She also produced the record of a cashier's check from Thrasher's dummy corporation to King dated in July of 1984.
 
 
 5
 King initially claims error in the manner by which the district court conducted voir dire because the court would not allow defense counsel to question jurors individually concerning pretrial publicity. We disagree and find no error in the method used to voir dire jurors here. Initially, the district court questioned the jury about what they may have known or heard about the case. Thereafter, defense counsel was allowed to question the jurors extensively, but by questions addressed to all of the prospective jurors and not to a juror individually. The rule does not require individual questioning of jurors under these circumstances where only general allegations of publicity were brought to the court's attention. United States v. Pomponio, 563 F.2d 659 (4th Cir.1977), cert. den. 435 U.S. 942 (1978).
 
 
 6
 We have reviewed King's other assignments of error and find them to be without merit. We think there was sufficient evidence presented of the existence of the conspiracy between Thrasher and King, outside the otherwise admissible statements of Thrasher made in furtherance of the conspiracy, to support the statements of Thrasher made as a coconspirator. We also think the defendant's contention that the conspiracy necessarily ended when the plane crashed is without merit. Statements of Thrasher made during the escape phase of the conspiracy, when Thrasher and wife were aiding the escape of King, are admissible as the statements of a coconspirator made in furtherance of the conspiracy. We think the conspiracy was yet in existence at the time of the escape of King and that Thrasher's statements made after the crash were admissible. This conspiracy was no one time arrangement. It had been ongoing for a considerable time as the earlier calls to Mrs. Thrasher indicate, not to mention the cashier's check, and the escape of King was as much a part of it as was the plane crash. See Grunewald v. United States, 353 U.S. 391, 405 (1957).
 
 
 7
 We also are of opinion the evidence is ample to support the jury's verdict of guilt, both as to the Travel Act Violation, 18 U.S.C. Sec. 1952, and the count for possession of marijuana with intent to distribute, 21 U.S.C. Sec. 841(a)(1).
 
 The judgment of conviction is accordingly
 
 8
 AFFIRMED.